Mr. Justice Bradley
delivered the opinion of the court:
The claimant demands fifteen thousand dollars from the Government by way of damages for breach of contract. The principal facts are, that on the 2Gth day of February, 1864, the claimant entered into a written agreement with the chief quartermaster of the Cavalry Bureau to deliver at the Government stables in Saint Charles, Illinois, by or before the 26th of March, twelve hundred cavalry horses, sound, and of certain specified ages, height, and quality, and on delivery to be examined and inspected without unnecessary 'delay by a person or persons to be appointed by the Government. Rejected horses were to be removed by the contractor within one day after being notified of their rejection. Payment was to be made on completion of the contract, should Congress have made an appropriation for that purpose, or as soon thereafter as funds might be received. Instructions for inspectors of cavalry horses were issued a few days after the date of the contract, which required, among other things, that horses proposed for sale to the Government must be placed in the inspection-yard at least twenty-four hours before inspecting them; and none but the inspector and his assistants were to be allowed to enter the yard or to handle the horses until the inspection was completed. It was also pro *261 vided that all horses which were manifestly intended as a fraud upon the Government, because of incurable disease, or any purposely concealed defect, should be branded on the left shoulder with the letter Ii. Horses rejected for being' under age, in poor condition, or injured by transportation, &c., were to be lightly branded on the front part of the fore hoof with the letter E. A large number of other directions were given to inspectors; but these seem to have been the principal ones complained of.. The claimant applied to have these rules modified or suspended in his case, as not having been promulgated when he made his contract; but his application was refused. He therefore threw up his contract, and did not purchase any horses; but alleges that he sustained damages, by not being-allowed to perform his contract untrammeled by the new regulations, to the amount of nine thousand dollars. The Court of Claims found that the regulations' inaterially changed and modified the contract, by throwing upon the claimant, in its performance, increased delay, greater expense, and largely augmented risk; and therefore they gave judgment in his favor for such damages as would make him whole.
We think the court erred in this finding and judgment. The Government clearly had the right to prescribe regulations for the inspection of horses, and there was great need of strictness in this regard, for frauds were constantly perpetrated. We see nothing unreasonable in the regulations complained of. It is well known that horses may be prepared and fixed up to appear bright and smart for a few hours, and it was altogether reasonable that they should be placed in the Government yard for the period required, and that no .person interested in them shoidd be permitted to manipulate them while under inspection. The branding was also a proper and necessary precaution to prevent the same horses being- presented a second time after condemnation. The branding on the foot was of slight importance, and the brand on the shoulder was not to be applied except in cases of absolute fraud. A person guilty of fraud would have no right to complain of the regulation being carried into effect.
As the Government had the right to prescribe all proper and reasonable regulations on the subject, and as the regulations prescribed do not seem to have been unreasonable, the.claimant cannot complain. If he chose, under these circumstances, *262 to fling up bis contract, be must be content to suffer any incidental damage wliicb be may bare incurred in making preparations for its performance. It was a damage voluntarily sustained, and tbe maxim, volenti non fit injuria, applies to tbe case.
Tbe decree is reversed, and the court below is directed to' dismiss tbe petition.